**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MACON<br><br>Plaintiff,<br><br>v.<br><br>City of Harvard, and Harvard Police Officer Eric See, Star No. 330,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 3:23-cv-50008<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS<br><br>**JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Joseph Macon ("Macon") was within the jurisdiction of this court.

4. At all times herein mentioned, Harvard Police Officer Eric See, Star No. 330 ("See") was employed by the Harvard Police Department and was acting under color of state law and as the employee, agent, or representative of the Harvard Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned, the City of Harvard was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Harvard maintained, managed, and/or operated the Harvard Police Department.

## FACTUAL ALLEGATIONS

6. On or about January 9, 2021, Plaintiff was subjected to a custodial arrest.

7. Defendant See caused Plaintiff to be subjected to a custodial arrest by falsely claiming to a McHenry County Judge that facts existed to support probable cause for the arrest of Plaintiff.

8. Defendant See, by falsely claiming to a McHenry County Judge that facts existed to support probable cause for the arrest of Plaintiff, thereby induced the McHenry County Judge to issue a warrant for Plaintiff's arrest.

9. After the warrant for Plaintiff's arrest was issued, Plaintiff was arrested by members of the East Hazel Crest Police Department who relied upon and/or enforced the arrest warrant obtained by Defendant See.

10. After his arrest Plaintiff was transported to McHenry County and subjected to a pretrial detention in the McHenry County Jail.

11. After his custodial arrest Defendant See caused Plaintiff to be charged and prosecuted for one or more felonies by falsely claiming to prosecutors that facts existed to support Plaintiff's prosecution.

12. Defendant See, by falsely claiming to prosecutors that facts existed to support prosecution of Plaintiff, thereby induced a prosecutor to pursue criminal charges against Plaintiff including but not limited to the filing of an Information in McHenry County on or about February 4, 2021.

13. Plaintiff appeared in McHenry County Court to defend himself against the felony charges that were initiated and/or continued by Defendant See. Plaintiff was subject to a custodial pretrial detention for several months after his arrest.

14. On or about June 21, 2022, the McHenry County State's Attorney's Office voluntarily dismissed all charges against Plaintiff by making a motion to *nolle prosequi* all charges against Plaintiff.

15. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

16. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

17. By reason of the above-described acts and omissions of Defendants Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Plaintiff against Defendant See**
**for**
**UNREASONABLE SEIZURE**

18. Plaintiff hereby incorporates and realleges paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

19. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

20. The arbitrary intrusion by Defendant, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) Defendant caused the seizure and custodial arrest of Plaintiff's person without any legal cause. These acts were in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendant, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff against Defendant See for**
**UNREASONABLE PRETRIAL DETENTION**

21. Plaintiff hereby incorporates and realleges paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

22. Defendant See caused Plaintiff to be subjected to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

23. Defendant See did not have probable cause to believe Plaintiff had committed the felony and unreasonably induced the issuance of an arrest warrant and the initiation of criminal charges.

24. Defendant See knew that Plaintiff's arrest, detention, and criminal prosecution were not based upon sufficient evidence to reasonably conclude Plaintiff had committed a crime.

25. The criminal charges See caused to be initiated against Plaintiff terminated in Plaintiff's favor when they were voluntarily dismissed on June 14, 2022.

26. As a result of the foregoing, Plaintiff has sustained damage related to being falsely charged with multiple felonies and held in pretrial detention.

27. By reason of See's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

28. The arbitrary intrusion by See, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. See violated Plaintiff's rights in the following manner: (1) Causing Plaintiff to be subjected to pretrial detention that restrained his liberty, without any probable cause for the detention, was in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendant See is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**Plaintiffs Against See and the City of Harvard**
**For**
**MALICIOUS PROSECUTION**

29. Plaintiff hereby incorporates and realleges paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

30. Defendant See, who was employed by the City of Harvard, maliciously commenced and/or caused to be continued legal proceedings against Plaintiff falsely asserting that there facts sufficient to support probable cause to believe Plaintiff had committed specific crimes.

31. Defendant See caused Plaintiff to be subjected to a criminal prosecution for felony charges based upon Plaintiff's alleged involvement in a robbery.

32. Plaintiff did not commit any of the felony charges for which he was prosecuted.

33. Defendant See did not have any forensic or physical evidence indicating Plaintiff committed any of the felony charges for which he was prosecuted.

34. Defendant See did not have reliable information from any witness indicating Plaintiff committed any of the felony charges for which he was prosecuted.

35. Defendant See knew that Plaintiff's criminal prosecution was not based upon sufficient evidence to conclude Plaintiff had committed the felonies for which he was charged.

36. The criminal charges Defendant See proximately caused to be initiated against Plaintiff terminated in Plaintiff's favor when they were voluntarily dismissed on June 14, 2022.

37. The dismissal of the charges against Plaintiff was not the result of a plea negotiation, agreement, or compromise between Plaintiff and the McHenry County State's Attorney.

38. As a result of Defendant See causing these baseless legal proceedings Plaintiff was injured emotionally, financially, and otherwise.

39. The City of Harvard is liable to Plaintiff for the acts of Defendant See pursuant to the doctrine of *respondeat superior*.

40. Therefore, Defendant See, and the City of Harvard are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That Defendants other than the City of Harvard be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton St.
Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton St.
Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com